JUSTICE COATS,
specially concurring.
¶53 In this and one other case released today, see Pulte Home Corp. v. Countryside Cmty. Ass’n, 2016 CO 64, — P.3d-, the court addresses slightly different aspects of the question whether a particular property is included in a common interest community: in this case, whether the property in question was added to an existing common interest community and, in the other case, whether the properties in question were included in the community at its creation. Phrased differently, these cases involve the fundamental questions how .and when, under the Colorado Common Interest Ownership Act, §§ 38-33.3-101 to -402, C.R.S. (2016), a common interest community is created and how and when property that was not initially included in that community can later be added to it. Like the court as a whole, I would affirm the judgment of the court of appeals in this case (and reverse the court of appeals’ finding in favor of the homeowners association in Pulte). While I join the opinion of the court in this case, I write separately both to exr plain my understanding of the implications of that opinion and to offer what I consider to be even more persuasive reasons for affirming the judgment below.
¶54 The specific matter at issue in this lawsuit is whether the so-called Kelley Lots were automatically added to a common interest community called Ryan Ranch at the time they were first conveyed by the declarant to a purchaser,- notwithstanding the expressed intent of both the declarant and purchaser that they not be so added, and therefore whether the current owners of those lots owe the Community Association past-due assessments, penalties, and fees. The first and primary question upon which we granted review was therefore whether the “annexation by deed” method of adding units to the community, as described in the Declarations of Covenants, Conditions, and Restrictions filed by declarant Ryland (referred to throughout the court’s opinion as the “CCR”), in fact comported with statutory requirements. While the opinion of the court never directly states, in so many words, that the annexation-by-deed method of the CCR is incompatible with the statute and therefore fails, in and of itself, to successfully add units to the community, I consider, that to be the clear and necessary import of its holding, a holding with which I fully agree.
¶55 I understand the heart of the court’s rationale to be its conclusion that units can be added to an existing community by the declarant , only by amending the declaration as statutorily required for the- exercise of *149 that declarant’s development rights; and that the conveyance to a purchaser of even already platted property, the addition of which is specifically reserved to the declarant as part of its development rights, fails to comply with all the statutory requirements-for such an amendment. While the court’s opinion purports, for reasons I cannot fully appreciate, to distinguish an “amendment” to the declaration from a “valid” amendment to the declaration, it nevertheless makes clear that a failure of the declarant to comply with all the statutory requirements for an amendment necessary for the exercise of its development rights cannot successfully add property to the community. Similarly, while I do not particularly disagree with the court’s subsequent discussion of deficiencies in recording the instruments at issue here, I understand any deficiency in recording to be an alternate basis for the court’s holding, rather than integral to its determination that the failure to reallocate interests alone renders the annexation-by-deed method of adding units invalid.
¶66 Without expressly disputing the broader reasoning of the court of appeals, the majority more narrowly finds that a formula for reallocating already allocated interests, specified in an existing declaration, cannot be sufficient to meet the statutory requirement under section 38-33.3-210 for recording an amendment to .the declaration that reallocates those interests, for the somewhat more technical reason that including such a formula in the declaration is already required by section 38-33.3-205. The majority reasons, as a matter of statutory construction, that to find compliance with section 205 alone sufficient to satisfy the requirement of section 210 to amend the declaration by reallocating interests would render the latter statutory requirement superfluous or meaningless. While I agree with this rationale, with regard to the central question on review—whether the recording of a deed conveying “annexa-ble” property and a survey plat of that property automatically amends the declaration within the meaning of the Act—I would rely on more than one among various aids to statutory construction, especially where the statutory scheme as a whole so clearly mandates this same conclusion for what I consider to be more direct and powerful reasons.
¶57 The statutory requirement upon which the court’s opinion relies, that in order to exercise development rights reserved to it, a déclarant must record an amendment to the declaration actually reallocating the already allocated interests among all units, is merely one aspect of the “clear, comprehensive, and uniform framework” provided by the Act for balancing developer flexibility with maintaining certainty and predictability concerning the various interests implicated in both the creation and operation of' the community. § 38-33.3-102. With regard to amending a declaration in particular, the Act imposes a number of limitations, including the condition that an amendment requires an affirmative vote of at least a majority of unit owners (two-thirds in the case of increasing the number of units), unless it falls within a limited number of expressly delineated exceptions. See § 38-33.3-217, Among those expressly delineated exceptions is included any amendment affecting “phased communities,” that is, common interest communities in which the declarant retains development rights. See §§ 38-33.3-103(21.5), -217(l)(a)(III)(E). ■From the context in which it appears; I understand the court’s pronouncement that “the right to annex property” is a development right to refer only to the right of a declarant to add units to the community; and in addition to mandating that such an amendment reallocate interests, I believe the statute clearly imposes other .limitations on a declarant’s exercise of development rights that necessarily conflict with the annexation-by-deed method of the OCR.
¶58 While I accept the rule of construction relied on by the court, I would in any event find that the language of section 210 is clear enough, even without reference to the contents required of a declaration or to this:rule of construction. Like the court of appeals, I believe the meaning of “amendment,” in and of itself, denotes a change or alteration to the thing being amended. A statutory requirement for the recording of an amendment to the declaration containing certain elements cannot even conceptually be satisfied by the presence of those elements in the declaration *150 as it existed prior to any amendment. While I therefore agree with the court, as far as it goes, I would go even farther and make clear that for the declarant to add units to the community, it must record an amendment containing all of the elements required by section 210, including not only reallocation of interests but also the assignment of identifying numbers to those units and a description of any common or limited common elements, whether or not the declaration has already prospectively done so. A complete amendment, as required by section 210, is necessary, as was clearly intended, to make clear the current status of the community, which is no longer as represented in the recorded declaration but has been changed;
¶59 Beyond the requirement of recording an amendment, however, section 210 permits a declarant to add units according to its development rights, and therefore without the approval of the existing unit owners, only to the extent it is the owner of the units to be added. § 38-33.3-210 (“The declarant is the unit owner of any units thereby created.”). Whether units added by the exercise of a declarant’s development rights are conveyed to a purchaser later, or perhaps even simultaneously with the recording of the required amendment, cf. ALH Holding Co. v. Bank of Telluride, 18 P.3d 742, 745 (Colo. 2000) (execution of deed and mortgage are considered simultaneous acts, such that, as a matter of law, title never rests in the buyer unencumbered by the mortgage, regardless of the signing or recording of other purchase money mortgages), I consider it beyond challenge that the statutory scheme requires the de-clarant to be the owner of any unit so added, or that unit may not be added by the declar-ant at all. While the opinion of the court limits itself to holding annexation by deed insufficient in the absence of some recorded reallocation of interests, I would make express that the statutory scheme does not permit a declarant to add units that have been conveyed to someone else without a prior or at least contemporaneous amendment meeting the requirements of the statute. .
¶60 The subtext to this action for past-due fees and penalties is and has always been the question whether by including the addition of the Kelley Lots among the development rights reserved to the declarant, that declar-ant necessarily gave up any right to sell those lots without their being included as part of the Ryan Ranch, That consequence was clearly not intended by the declarant in this case when it drew up the OCR and created the community, and such a consequence would undoubtedly come as a shock to other developers doing likewise. As this ease amply demonstrates, the construction sought by the Community Association would amount to nothing less than a trap for the unwary, in direct contravention of the fundamental purpose the Act was intended to serve.
¶61 Because I believe the primary merit of undertaking a further review by this court has always been our articulation of the limitations imposed on the exercise of development rights by section 38-33.3-210, I would not shy away from a full explication of that section.
¶62 I therefore specially concur in the opinion of the court.
I am authorized to state that JUSTICE EID and JUSTICE MÁRQUEZ join in this special concurrence in the opinion of the court.